IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALLERGAN, INC.<br><br>　　　　Plaintiff<br><br>v.<br><br>BARR LABORATORIES, INC.<br><br>　　　　Defendant. | C.A. No. 09-333-SLR |

## SCHEDULING O R D E R

At Wilmington this _____ day of _____ 2009, the parties having satisfied their obligations under Fed. R. Civ. P. 26(f), and the court having conducted a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.2(a) and (b);

IT IS ORDERED that:

1. **Pre-Discovery Disclosures**. The parties have exchanged the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2.

2. **Discovery**.

　　(a)　Discovery will be needed on the following subjects:

　　　　(1) infringement or non-infringement of the patents-in-suit;

　　　　(2) validity or invalidity of the patents-in-suit;

　　　　(3) any other claims or defenses.

　　(b)　All fact discovery shall be commenced in time to be completed by **June 11, 2010**.

(1) Document production shall be completed on or before **February 26, 2010**.

(2) Maximum of **25** interrogatories by each party to any other party.

(3) In the absence of agreement among the parties, contention interrogatories, if served, shall first be addressed by the party with the burden of proof no later than the date established for the completion of document production, with the responsive answers due within thirty (30) days thereof. The adequacy of all such interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

(4) Maximum of **fifty (50)** requests for admission by each party to any other party, unless solely related to authentication of documents.

(5) In the absence of agreement among the parties or by order of the court, no deposition (other than those noticed under Fed. R. Civ. P. 30(b)(6)) shall be scheduled prior to the completion of document production.

(6) Maximum of **12** fact depositions by plaintiff and **12** by defendant. Each fact deposition limited to a maximum of **seven (7)** hours, unless extended by agreement of parties, or upon a showing of good cause. Each 30(b)(6) deposition limited to a maximum of **ten (10)** hours, not to exceed a total of **twenty (20)** hours of 30(b)(6) testimony per side, unless extended by agreement of parties, or upon a showing of good cause.

(c) Expert discovery shall be commenced in time to be completed by **October 4, 2010**.

(1) Expert reports on issues for which the parties have the burden of proof due **July 2, 2010**. Rebuttal expert reports due **August 2, 2010**. Reply reports limited to

responses to Plaintiff's contentions of secondary considerations of nonobviousness due **August 20, 2010**.

(2)   Expert depositions to be limited to a maximum of **ten (10)** hours unless extended by agreement of the parties, or upon a showing of good cause.

(d)   All Daubert motions shall be filed on or before **October 28, 2010**.

(e)   Supplementations under Rule 26(e) due as required by that rule.

(f)   **Discovery Disputes**.

(1)   The court shall conduct an in-person discovery status conference on **March 9, 2010** from **4:30 p.m. to 5:30 p.m.**, the time to be allocated equally among the parties.  **No motions to compel or motions for protective order shall be filed absent prior approval of the court**.

(2)   The court shall remain available to resolve by telephone conference disputes that arise during the course of a deposition and disputes over the terms of a protective order.

(3)   Absent express approval of the court following a discovery conference, no motions pursuant to Fed. R. Civ. P. 37 shall be filed.

(g)   **Fact Witnesses to be Called at Trial**. Within one (1) month following the close of expert discovery, each party shall serve on the other parties a list of each fact witness (including any expert witness who is also expected to give fact testimony) who has previously been disclosed during discovery and that it intends to call at trial.  Within one (1) month of receipt of such fact witness list, each party shall serve a list of each rebuttal fact witness that it intends to call at trial.  The parties shall have the right to depose any such fact witnesses who have not previously been deposed in this case.  Such deposition shall be held within one (1)

month after service of the list of rebuttal fact witnesses and shall be limited to twenty (20) hours per side in the aggregate unless extended by agreement of the parties or upon order of the court upon good cause shown.

3. **Joinder of other Parties and Amendment of Pleadings**. All motions to join other parties and amend the pleadings shall be filed on or before **March 5, 2010**.

4. **Settlement Conference**. Pursuant to 28 U.S.C. § 636, this matter is referred to a Magistrate Judge for the purposes of exploring ADR. Counsel are advised that, notwithstanding the fact that the issues of willfulness and damages have been bifurcated, the Magistrate Judge may require the parties informally to exchange discovery on any subject, including damages and willful infringement, in aid of settlement.

5. **Claim Construction Issue Identification**. If the court does not find that an earlier claim construction would be helpful in resolving the case, the parties shall exchange lists of those claim terms that they believe need construction and their proposed claim construction of those terms **thirty (30) days before the end of fact discovery**. This document will not be filed with the court. Subsequent to exchanging such lists, the parties will meet and confer to prepare a Joint Claim Construction Statement to be submitted pursuant to paragraph 7 below.

6. **Claim Construction**. Lawyers must identify, during the claim construction phase of the case, any claim language that will have a meaning to a person of ordinary skill in the art that differs from the ordinary meaning. Any language not so identified will be construed according to its ordinary dictionary meaning.

The parties shall agree upon and file the Joint Claim Construction Statement on **September 15, 2010**, with the claim chart separately docketed. The parties will file simultaneous opening claim construction briefs on **October 15, 2010**. Simultaneous response

briefs should be filed by **October 29, 2010**. The hearing on the claim construction will be heard on **November 12, 2010** at **9:30 a.m.**

7.  **Applications by Motion**. Any application to the court shall be by written motion filed with the clerk. **The court will not consider applications and requests submitted by letter or in a form other than a motion, absent express approval by the court**.

    (a)  **Any non-dispositive motion should contain the statement required by D. Del. LR 7.1.1.**

    (b)  No telephone calls shall be made to chambers.

    (c)  Any party with an **emergency** matter requiring the assistance of the court shall e-mail chambers utilizing the "Email Request for Emergency Relief" and "Opposing Counsel's Response" forms posted on Judge Robinson's website and email the completed forms to slr_civil@ded.uscourts.gov. The email shall provide a short statement describing the emergency. NO ATTACHMENTS shall be submitted in connection with said emails.

8.  **Motions in Limine**. No motions in limine shall be filed; instead, the parties shall be prepared to address their evidentiary issues at the pretrial conference and during trial (before and after the trial day).

9.  **Pretrial Conference**. A pretrial conference will be held on **December 16, 2010** at **4:30 p.m.** in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. The Federal Rules of Civil Procedure and D. Del. LR 16.3 shall govern the pretrial conference.

10. **Trial**. This matter is scheduled for a **5 day** bench trial commencing on **January 10, 2011** in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware.

For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.

_____
United States District Judge